1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA RAYFORD,<br><br>               Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 11-02027-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On January 4, 2012, Vanessa Rayford ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on April 9, 2012.  On August 14, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 47 year old female who applied for Social Security Disability Insurance benefits on February 19, 2009, and Supplemental Security Income benefits on February 20, 2009, alleging disability beginning June 15, 2003.  (AR 22.)  Plaintiff has not engaged in substantial gainful activity since that date.  (AR 24.)

Plaintiff's claims were denied initially on April 30, 2009, and on reconsideration on September 25, 2009.  (AR 22.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John Kays on August 3, 2010, in Orange, California.  (AR 22, 68-86.)  Claimant appeared and testified at the hearing, and was represented by counsel.  (AR 22.)  Vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing.  (AR 22.)  The ALJ issued an unfavorable decision on September 17, 2010.  (AR 22-31.)  The Appeals Council denied review on October 21, 2011.  (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ erred as a matter of law by relying on vocational testimony that was not consistent with the Dictionary of Occupational Titles.

2.    Whether the ALJ erred as a matter of law by failing to assess properly Plaintiff's credibility.

3.    Whether the ALJ erred as a matter of law by failing to evaluate properly the medical evidence.

4.    Whether the ALJ erred as a matter of law by failing to pose a complete hypothetical.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

1   (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and

2   based on the proper legal standards).

3       Substantial evidence means "'more than a mere scintilla,' but less than a

4   preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

5   Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

6   reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

7   401 (internal quotation marks and citation omitted).

8       This Court must review the record as a whole and consider adverse as well as

9   supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where

10  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

11  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

12  "However, a reviewing court must consider the entire record as a whole and may not affirm

13  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

14  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

15  F.3d 625, 630 (9th Cir. 2007).

16                          **THE SEQUENTIAL EVALUATION**

17      The Social Security Act defines disability as the "inability to engage in any substantial

18  gainful activity by reason of any medically determinable physical or mental impairment which

19  can be expected to result in death or . . . can be expected to last for a continuous period of not

20  less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

21  established a five-step sequential process to determine whether a claimant is disabled.  20

22  C.F.R. §§ 404.1520, 416.920.

23      The first step is to determine whether the claimant is presently engaging in substantial

24  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

25  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

26  140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

27  combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not

28  significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

                                          3

1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  <u>Parra</u>, 481 F.3d at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  <u>Bowen v. Yuckert</u>, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  <u>Parra</u>, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  <u>Lounsbury v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  <u>Id.</u>

---

[1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 15, 2003, the alleged onset date.  (AR 24.)   At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: fibromyalgia and depressive disorder.  (AR 24. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 24-26.)

The ALJ then found that the Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R §§ 404.1567(b) and 416.967(b).  (AR 26-30.)  In determining this RFC, the ALJ also made an adverse credibility determination.  (AR 27.)

At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a machine operator and machine packager of instant soups.  (AR 30.)   Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR 31.)

**DISCUSSION**

The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.  The ALJ decision must be affirmed.

**I.    THE ALJ'S STEP FOUR FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

The ALJ assessed Claimant with a RFC for the full range of light work without any physical or mental limitations.  (AR 26-30.)  The ALJ also determined at step four of the sequential process that Plaintiff could perform her past relevant work ("PRW") as a machine operator in a carpet factory (DOT 787.682-014) and as a machine packager of instant soups (DOT 920.685-078), both as actually performed and as generally performed.  (AR 30.)

Plaintiff challenges the ALJ's step four finding because the ALJ and VE both incorrectly determined that Plaintiff's two prior jobs were light exertional work.  The Dictionary of Occupational Titles ("DOT"), however, classifies both jobs as medium exertional work.  Plaintiff

1  contends that the VE and ALJ's PRW findings are inconsistent with the ALJ's light work RFC
2  and with DOT.

3      Plaintiff is correct as to how Plaintiff's prior jobs are generally performed but not as to
4  how they are actually performed.  The ALJ's step four finding is supported by substantial
5  evidence.

6      **A.    Relevant Federal Law**

7      A claimant has the burden of proving that he or she no longer can perform past relevant
8  work.  Pinto, 249 F.3d at 844.  The ALJ, however, has a duty to make requisite factual findings
9  to support his conclusion on PRW.  Id.  This is done by examining a claimant's RFC and the
10  physical and mental demands of the claimant's PRW.  Id. at 844-45.

11      Social Security regulations advise the ALJ to consider first whether the individual still can
12  do PRW as he or she actually performed it because individual jobs within a category may not
13  entail all of the requirements of a job in that category as set forth in DOT.  SSR 96-8p; Pinto,
14  249 F.3d at 845.  The claimant is an important source of information about his or her PRW.
15  SSR 82-41; Pinto, id.  Other sources of information that may be consulted include VE testimony
16  and the DOT.  20 C.F.R. §§ 1560(b)(2) and 416.960(b)(2); SSR 82-61.  The ALJ the can
17  proceed to determine whether a claimant can perform his or her PRW as generally performed.
18  Id.

19      **B.    Analysis**

20      The DOT job descriptions for both the carpet machine operator (DOT 787.682-014) and
21  machine packager of instant soups (DOT 920.685-078) classify those jobs as medium work,
22  which the DOT descriptions define as exerting 20 to 50 pounds of force occasionally and/or 10
23  to 25 pounds frequently.  See also 20 C.F.R. § 404.1567(c) (no more than 50 pounds at a time
24  and up to 25 pounds frequently).  The DOT job descriptions state that the "[p]hysical demand
25  requirements are in excess of those for Light Work."  To the extent that the ALJ found that
26  Plaintiff could perform these two jobs as generally performed, he was mistaken.  Those jobs as
27  generally performed are inconsistent with Plaintiff's light work RFC.  The Commissioner so
28  concedes.

1    The ALJ's error, however, was harmless because the two past jobs as actually

2 performed were consistent with light work, and thus the outcome here is not altered.  Molina v.

3 Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ error is harmless if inconsequential to the

4 ultimate non-disability determination).  The VE was present at the hearing when Plaintiff

5 testified that at her carpet machine operator job she lifted balls of thread that were 15-17

6 pounds and no more than 20 pounds.  (AR 71.)  Light work involves lifting no more than 20

7 pounds, with frequent lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R.

8 §§ 404.1567(b), 416.967(b).  The VE also testified that he reviewed claimant's work history

9 report.  (AR 80.)  That report indicated that in her job as a machine operator of instant soups

10 Plaintiff lifted 5 pound boxes onto the assembly line.  (AR 195.)  Both of Plaintiff's actual prior

11 jobs, then, involved exertional work in the light category consistent with her RFC.

12    Just as importantly, the ALJ's hypothetical to the VE specified that a hypothetical

13 claimant could lift 20 pounds occasionally and 10 pounds frequently.  (AR 81.)  This is the

14 definition of light work.  20 C.F.R. §§ 404.1567(b); 416.967(b).  The VE answered in the

15 affirmative that Plaintiff could do her past work.  (AR 81.)  The VE's testimony is not dependent

16 on the DOT job descriptions for Plaintiff's two prior jobs as generally performed, but on

17 Plaintiff's own testimony and statements about how those jobs were actually performed.  The

18 ALJ was entitled to rely on the VE's testimony regarding Plaintiff's past work as actually

19 performed.  Moore v. Apfel, 216 F.3d at 869-70.[2]  The ALJ's step four finding that Plaintiff can

20 do her prior work as actually performed is supported by substantial evidence and free of legal

21 error.

22

23

24 _____

25    [2]   The Commissioner observes that the ALJ's RFC  for a full range of light work with non-
exertional limitations would dictate a non-disability decision under Rule 202.16 of the Medical-

26 Vocational Guidelines.  Cooper, 880 F.2d at 1155 n. 7.  The ALJ, however, did not make an
alternative step five finding that Plaintiff could perform other work in the national economy, and

27 thus the Court cannot consider the Commissioner's argument or rely on it here.  Connett v.
Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (Court cannot base its rulings on considerations not

28 addressed in the ALJ decision).

**II.    THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff's next two claims are that the ALJ improperly discounted Plaintiff's credibility and improperly rejected the opinion of Plaintiff's treating physician Dr. Pinanong.  Both of these claims concern the ALJ's RFC.  An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the evidence, including medical evidence, lay witness and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, reasonably attributed to the medical condition.  Robbins, 466 F.3d at 888.

**A.    The ALJ Properly Discounted Plaintiff's Credibility**

Plaintiff contends that the ALJ improperly discounted Plaintiff's credibility.  The Court disagrees.

1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony."  Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not

8

1  credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80

2  F.3d at 1284.

3          2.    Analysis

4          The ALJ found that Plaintiff's medically determinable impairments reasonably could be

5  expected to cause the alleged symptoms.  (AR 27.)  The ALJ, however, also found that

6  Plaintiff's statements concerning the intensity, persistence and limiting effects of these

7  symptoms are not credible to the extent inconsistent with the ALJ's RFC.  (AR 27.)  Because

8  there was no finding of malingering, the ALJ was required to provide clear and convincing

9  reasons supported by substantial evidence for discounting Plaintiff's credibility.

10         Plaintiff does not address the ALJ's finding that Plaintiff's claims of disability were

11  unsupported by objective medical evidence.  An ALJ may consider a lack of objective medical

12  evidence to corroborate a claimant's subjective symptoms so long as it is not the only reason

13  for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005);

14  Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).  Here, Plaintiff alleges she is unable to

15  work due to fibromyalgia, rheumatoid arthritis, feet pain, depression, and anxiety.  (AR 26.)  She

16  alleges she can sit five to ten minutes without pain and walk ten to fifteen minutes before she

17  has to sit.  (AR 27.)  She further testified she is unable to clean her house or do errands alone.

18  (AR 27.)  She also alleges she gets depressed to the point her body shakes.  (AR 27.)

19         Preliminarily, Plaintiff meets the insured status requirements only through December 31,

20  2006.  (AR 24.)  To be entitled to disability benefits, Plaintiff must establish that her disability

21  existed on or before that date.  Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  Nothing in

22  the record establishes any physical or mental disability on or before December 31, 2006.

23  Virtually all of the medical evidence cited postdates December 31, 2006.  Plaintiff does not

24  address the expiration of her insured status or its legal and evidentiary implications.

25         The objective medical evidence, moreover, does not support Plaintiff's claims of

26  impairment.  Prior to December 31, 2006, the record does not indicate any significant problems

27  with fibromyalgia or arthritis.  As to the alleged pain caused by those impairments, in a

28  consulting physical examination in April 2009, Dr. Gabriel Fabella found some minor pain but no

acute distress, no joint swelling or deformity, normal range of motion in her extremities and neck, good motor skills and opined that Plaintiff could perform the full range of light work.  (AR 27, 271-75.)  The ALJ also found that the notes of her primary care physician Dr. Perez since 2007 do not support her alleged physical symptoms.  (AR 28.)  Indeed, the ALJ rejected Dr. Perez's RFC assessment because of a lack of objective medical evidence and because Dr. Perez only treated Plaintiff for minor ailments, referring Plaintiff to specialists for her alleged physical and mental symptoms.  (AR 27, 29.)  Plaintiff does not challenge the ALJ's rejection of Dr. Perez's opinions.  Dr. Perez, moreover, referred Claimant to rheumatologist Dr. Tremazi who conducted several exams and found Plaintiff's physical capabilities were within normal limits; there were no notes documenting physical limitations.  (AR 27-28.)  Additionally, Dr. Tramazi wrote that Plaintiff's pain was "out of proportion to finding."  (AR 358.)  There is no objective medical evidence supporting Plaintiff's alleged physical pain symptoms, before or after December 31, 2006.

As for Claimant's alleged symptoms of depression and anxiety, again there is no evidence of a significant mental impairment prior to December 31, 2006.  Consulting psychiatric examiner Dr. Reynaldo Abejuela in April 2009 found a mild depressive disorder but overall assessed her psychiatric limitations as ranging from "none to mild."  (AR 28, 262-69.)  He found no mental restriction in daily activities and, with a treatment regimen of Prozac and Trazodone coupled with group therapy, her prognosis was fair to good.  (AR 28, 268.)  The ALJ also found that the records of her treating psychiatrist Dr. Pinanong support that the current treatment regimen since 2007 has proved effective relative to daily activities and employment.  (AR 28-29, 437-39.)  Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2005) (impairments that can be controlled effectively with medication are not disabling).  The ALJ rejected Dr. Pinanong's restrictive RFC based on lack of objective medical evidence, discussed further below.

The ALJ gave great weight to the opinions of Dr. Fabella and Dr. Abejuela, which support a RFC for a full range of light work.  (AR 30.)  Plaintiff provides no meaningful answer to the ALJ's finding that "[t]here is no objective evidence in the file to support that the claimant

1  has such incapacitating limitations as she has alleged." (AR 30.)  The ALJ's finding on the lack

2  of corroborating objective medical evidence is supported by substantial evidence.

3       The ALJ also found that Plaintiff did not have an aggressive treatment plan and was

4  managed conservatively. (AR 28.)  Evidence of conservative treatment can be sufficient to

5  discount a claimant's allegations of disability. Parra, 481 F.3d at 751.  Here, the ALJ found that

6  "Other than aquatic physical therapy and conservative pain medication, there has never been

7  any aggressive treatment plan prescribed by the claimant's treating physicians to support a

8  level of pain that the claimant has described." (AR 28.)  Plaintiff observes that she is taking

9  more medications than ibuprofen but offers no meaningful response to the ALJ's conservative

10 treatment rationale, and the ALJ also found that Prozac and Trazodone had proved effective.

11 (AR 29.) Warre, 439 F.3d at 1006.  The ALJ's conservative treatment rationale is supported by

12 substantial evidence.

13      Finally, an ALJ may consider daily activities inconsistent with disability in evaluating

14 credibility. Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990).  Even though Claimant

15 alleged she is unable to clean her house or do errands alone, the ALJ found that she takes care

16 of three children, brings them to school, prepares their meals, and pays the bills, all without

17 assistance. (AR 28.)  Plaintiff is able to drive a car and drove to the hearing (AR 75-76, 79),

18 and even though Plaintiff alleges her children are 18, 16, and 13 and old enough to care for

19 themselves now (AR 75), they were significantly younger (11, 9, and 6) in the 2003-06 period

20 before the expiration of Plaintiff's insured status.  Additionally, Dr. Abejuela found no restriction

21 in Claimant's daily activities. (AR 28.)  The ALJ concluded Claimant's statements regarding her

22 pain were "overstated and not entirely credible." (AR 28.)  Plaintiff takes issue with the ALJ's

23 finding of inconsistent daily activities, but the ALJ's finding was reasonable and supported by

24 substantial evidence. Rollins v. Massanari, 261 F.3d at 857 (ALJ's interpretation of the

25 evidence if reasonable should not be second-guessed.)

26      The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons

27 supported by substantial evidence.

28

**B.     The ALJ Properly Rejected The Opinion of Plaintiff's Treating Physician**

Plaintiff's next contention is that the ALJ improperly rejected the opinions of Dr. Pinanong, Plaintiff's treating psychiatrist.  The Court disagrees.

        1.     Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957.  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion,

12

1  an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of

2  a non-examining physician cannot by itself constitute substantial evidence that justifies the

3  rejection of the opinion of either an examining physician or a treating physician"; such an

4  opinion may serve as substantial evidence only when it is consistent with and supported by

5  other evidence of record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

6          2.     Analysis

7          Dr. Pinanong at Prototypes Women Center was Plaintiff's treating psychiatrist, who

8  prescribed Prozac and Trazodone for Plaintiff's depression and anxiety.  (AR 28-29.)  He

9  opined that Plaintiff would have difficulty working a regular job on a sustained basis because

10 she becomes numb and stiff and is unable to sit or stand long due to physical pain.  (AR 29.)  In

11 a Mental RFC evaluation, Dr. Pinanong noted mild to moderate limitations with understanding

12 and memory, mild to extreme limitations in sustained concentration and persistence, mild

13 limitations in social interaction, and mild to marked limitations in the category of adaptation.

14 (AR 29.)

15         The ALJ rejected Dr. Pinanong's opinions for specific, legitimate reasons supported by

16 substantial evidence.  The ALJ gave little weight to Dr. Pinanong's opinion because there was

17 no objective medical evidence to support the inability to work and there was indication

18 treatment had been successful.  (AR 28-29.)  Dr. Pinanong's opinion, moreover, was

19 contradicted by Dr. Abujuela.  The Ninth Circuit has held that, "When confronted with conflicting

20 medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and

21 brief and unsupported by clinical findings.  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

22 2001).  Dr. Abujuela's opinion, because it was based on his independent examination,

23 constitutes substantial evidence.  Id.  The ALJ also noted that Dr. Pinanong's opinion was

24 based in part on an assessment of physical symptoms that he did not treat.  (AR 29.)  He also

25 noted that Dr. Pinanong relied on a non-medical case manager who included the opinion that

26 Claimant's impairments prevented her from independent living skills, function and employment

27 (AR 30), an assessment undermined by Plaintiff's desire to do volunteer work as noted by the

28 same case manager.  (AR 30.)  Although Plaintiff clearly disagrees with the ALJ's interpretation

1   of the medical evidence, it is the ALJ who is responsible for resolving conflicts in the medical

2   evidence.  Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d at 750.

3       The ALJ properly discounted Dr. Pinanong's opinion for specific, legitimate reasons

4   supported by substantial evidence.

5   **III.    THE ALJ'S HYPOTHETICAL QUESTION TO THE VE WAS PROPER**

6       Plaintiff's last contention is that the ALJ, having found Plaintiff to have the severe

7   impairment of depressive disorder, included no limitations in his hypothetical to the VE.

8   Plaintiff's contention is without merit.  The ALJ found that Plaintiff did not have any work-related

9   mental limitations.  (AR 24-26.)  The ALJ's finding was supported by substantial evidence, in

10  particularly Dr. Abujuela's opinion who found Claimant's psychiatric limitations none to mild,

11  with no restriction of daily activities.  (AR 26, 268.)  The fact that an impairment is found to be

12  severe at step two of the sequential process does not necessarily translate to work-related

13  limitations in the RFC at step four or five of the sequential process.  Cf.  Hoopai v. Astrue, 449

14  F.3d 1071, 1076 (9th Cir. 2007) (Step two and step five determinations require different levels

15  of severity; step two is merely a threshold determination raising a prima facie case of disability

16  whereas step five determines whether a non-exertional limitation is sufficiently severe to limit

17  significantly the range of work permitted by Claimant's physical limitation.)  The ALJ's

18  hypothetical to the VE was proper and contained all the limitations found by the ALJ.

19                                          * * *

20      The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability

21  determination is supported by substantial evidence and free of legal error.

22                                       **ORDER**

23      IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

24  AFFIRMED and this case dismissed with prejudice.

25      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

26  DATED: September 5, 2012                    /s/ John E. McDermott

27                                      JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE

28